UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JASON DICKERSON,  )
  )
Petitioner,  )
  )   No. 7:20-CV-12-REW-HAI
v.  )
  )   ORDER
SCOTT JORDAN, Warden, *et al.*,  )
  )
Respondents.  )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On December 28, 2019, state habeas petitioner Jason Dickerson, through counsel, filed a petition under 28 U.S.C. § 2254. D.E. 1. On September 28, 2020, the Court ordered the Clerk to strike Ms. Sullivan as counsel of record for Dickerson after Chief Judge Reeves denied her application to practice. D.E. 9. The Court further ordered Dickerson to either have replacement counsel enter an appearance or re-submit his petition under 28 U.S.C. § 2254 on a *pro se* basis. *Id.* On November 30, 2020, Dickerson filed his *pro se* § 2254 petition and a motion to appoint counsel. D.E. 10 & 11. Dickerson's petition alleges three claims of ineffective assistance of counsel related to his 2014 convictions of murder and four counts of first-degree criminal abuse in Floyd Circuit Court. His first ground claims trial counsel should have moved for a mistrial based upon prosecutorial misconduct during closing argument. D.E. 10 at 5. His second ground asserts trial counsel should have moved for change of venue. *Id*. at 7. His third ground asserts trial counsel should have sought a continuance of the trial when a new indictment was returned just five days before the trial was to begin. *Id*. at 8.

It appears upon initial review that Dickerson's petition is untimely and that his first claim is unexhausted. First, Dickerson's first claim is subject to dismissal because he appears not to have satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1). Under section 2254(b),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process;
>
>     or
>
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007) (citing *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001)) (internal quotation marks omitted). Thus, the statute requires exhaustion of *court-provided* remedies. Dickerson's second and third grounds regarding his trial counsel's failure to move for a change of venue and failure to move for a continuance were presented to the Kentucky Court of Appeals in his appeal from the trial court's denial of his Rule 11.42 motion. D.E. 10-2 at 28. The Supreme Court of Kentucky subsequently denied Dickerson's motion for discretionary review. D.E. 10-2 at 33. However, Dickerson's first ground as to his trial counsel's failure to move for a mistrial was not presented to the Kentucky Court of Appeals and is therefore unexhausted.

Second, a one-year period of limitation applies to motions filed under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The statute provides that the limitation period begins to run from the latest of

four specified dates, only one of which appears relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

According to the public docket on e-Courts, judgment against Dickerson was entered on August 6, 2014. Dickerson appealed, and the Supreme Court of Kentucky issued its opinion affirming his conviction on March 17, 2016. D.E. 10-2 at 1. The federal Supreme Court's Rule 13 provides 90 days to petition for a writ of certiorari. That 90-day period began when the Supreme Court of Kentucky issued its opinion on March 17, 2016. It ended on Wednesday, June 15, 2016, and Dickerson's one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to run on that date.

The federal clock ran for 271 days until Dickerson filed a motion for post-conviction relief under Kentucky Rule of Criminal Procedure 11.42 in the trial court on March 13, 2017. D.E. 10 at 3. A properly filed application for state post-conviction relief tolls the federal habeas deadline until that motion is resolved. 28 U.S.C. § 2244(d)(2).

The trial court denied Dickerson's Rule 11.42 motion, Dickerson appealed, and the trial court was affirmed on April 26, 2019. D.E. 10-2 at 22. On September 18, 2019, the Supreme Court of Kentucky denied discretionary review. D.E. 10-2 at 33. At this point, state post-conviction review was completed. Although the federal Supreme Court's Rule 13 provides another 90 days to petition for a writ of certiorari, this 90-day period does not toll the statute of limitations for state post-conviction review. *See Lawrence v. Florida*, 549 U.S. 327, 331-332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari."). Therefore, Dickerson's federal statute

of limitations under 28 U.S.C. § 2244(d)(1)(A) began to run again on September 18, 2019. As noted, 271 days had already run. An additional 101 days elapsed until Dickerson filed his federal habeas petition on December 28, 2019.

In total, 372 days ran—without tolling—following Dickerson's entry of judgment. The statute of limitations is not jurisdictional; equitable tolling may be permissible in some circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006)). Courts apply equitable tolling "sparingly," and the burden is on the petitioner to prove its applicability. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Question #18 of Dickerson's § 2254 form provides a space to address the timeliness of the petition. In the first version of his petition, Dickerson asserts that the petition is timely. D.E. 1 at 13. Dickerson's amended *pro se* petition explains the procedural history regarding Ms. Sullivan and the Court's order that Dickerson have replacement counsel enter an appearance or re-submit the petition on a *pro se* basis. D.E. 10 at 13-14.

The Court will give Dickerson an opportunity to clarify and provide any additional information relevant to the standard for equitable tolling described above. During those days that his federal habeas clock was running, was Dickerson pursuing his rights diligently and did some extraordinary circumstance prevent him from filing a federal habeas petition?

As to Dickerson's motion to appoint counsel, the United States Constitution does not provide a general right to counsel on collateral attack. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[The United States Supreme Court has] never held that prisoners have a constitutional

right to counsel when mounting collateral attacks upon their convictions."). The Court may provide counsel for financially eligible persons seeking relief under § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Ultimately, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *Id*. The timeliness and exhaustion issues described in this Order are routine and straightforward, and therefore appointment of counsel is not supported by the interests of justice at this time. This means Dickerson can request appointment of counsel again in the future if his case becomes sufficiently complex.

Before dismissing a matter on its own initiative, the Court "must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210; *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) ("The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard."). Accordingly, the Court **HEREBY ORDERS** that by no later than **January 15, 2021**, Dickerson shall **SHOW CAUSE** why his entire petition should not be dismissed as untimely and why his first ground should not be dismissed for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b). His response to this show cause order **SHALL** be strictly limited to the issues of timeliness of his petition as a whole and exhaustion with respect to his first ground.

It is **FURTHER ORDERED** that Dickerson's motion to appoint counsel (D.E. 11) is **DENIED** without prejudice.

This the 11th day of December, 2020.

