Eastern District of Kentucky
FILED
MAR 05 2021
AT PIKEVILLE
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JASON DICKERSON, | ) |
| Petitioner, | ) No. 7:20-CV-12-REW-HAI |
| v. | ) SHOW CAUSE |
| SCOTT JORDAN, Warden, et al., | ) |
| Respondents. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This is to **SHOW CAUSE** for Jason Dickerson's timely filed Federal Habeas Corpus petition pursuant to 28 U.S.C. § 2254. The Court directed him to **SHOW CAUSE** why his entire petition should not be dismissed as untimely and why his first ground should not be dismissed for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b). Each issue will be respectively addressed.

Mr. Dickerson's petition should not be dismissed as untimely because of equitable tolling. As stated in *Holland v. Florida,* 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough,* 547 U.S. 198, 205 (2006)), equitable tolling may be permissible in some circumstances. Courts apply equitable tolling "sparingly", and the burden is on the petitioner to prove its applicability. *Vroman V. Brigano,* 346 F.3d 598, 604 (6th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 554 U.S. 408, 418 (2005).

1

Mr. Dickerson retained counsel, Maureen Sullivan, to assist him in filing the present Federal Habeas Corpus petition. As the one (1) year deadline approached, he and his family repeatedly called counsel regarding the petition, the approaching deadline, and why it had not been filed.. They knew the deadline was approaching but did not know the exact date. Regardless, they continually contacted Maureen Sullivan to get the petition filed. Being that counsel is a lawyer and versed in the law, she was entrusted by them to properly handling the petition. Until this Court's December 11, 2020 **SHOW CAUSE ORDER,** they believed the Petition had been timely filed. For the purposes of this SHOW CAUSE, the phone company was contacted and Mr. Dickerson's family attempted to obtain the phone records, but they were told the records would not be released unless a court subpoena was issued. These records will detail all the times Maureen Sullivan was contacted.

Mr. Dickerson has been (1) pursuing his rights diligently, however, (2) the unprofessional conduct of his lawyer procrastinating and ultimately filing the petition late resulted in an extraordinary circumstance that entitles him to equitably tolling. A very similar situation occurred in *Holland v. Florida* that entitled that person to equitable tolling due to the extraordinary circumstance of his lawyer not timely filing his Federal Habeas Corpus petition despite numerous attempts by the petitioner to get counsel to do so.

Further, after Mr. Dickerson's counsel was stricken from the record, the Court ordered him to either have replacement counsel enter an appearance or re-submit his petition under 28 U.S.C. § 2254 on a pro se basis. Mr. Dickerson chose to enter his petition on a pro se basis and did so within the time the Court ordered.

Mr. Dickerson's first ground should not be dismissed for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) because the exhaustion requirement was fulfilled. The issue

of the comments being made by the prosecutor was raised on direct appeal and addressed by the Supreme Court of Kentucky. Pursuant to Kentucky Constitution § 110(2)(b), "Appeals from a judgment of the Circuit Court imposing a sentence of death or life imprisonment or imprisonment for twenty years or more shall be taken directly to the Supreme Court". The Kentucky Appeals Court would not have heard this issue because, by law, it went straight to the Kentucky Supreme Court.

    Mr. Dickerson raised the issue that trial counsel provided ineffective assistance when he failed to ask for a mistrial when the prosecutor engaged in misconduct in the closing argument in his post-conviction rCr 11.42 motion. The Kentucky Court of Appeals did not address this claim in their ruling, however, it was addressed in the rCr 11.42 motion. The Supreme Court of Kentucky then died the Motion for discretion review, declining to hear the issues.

Respectfully submitted,

*Jason Dickerson*
Jason Dickerson
Luther Luckett Correctional Complex
1612 Dawkins Road
La Grange, KY 40031

3

## NOTICE

Please take notice that the foregoing Motion has been submitted via U.S. Mail, postage prepaid to: Clerk, United States District Court, Eastern District of Kentucky, 110 Main Street, Suite 203, Pikeville, Kentucky 41501

on this __1__ day of __March__, 2021.

_Jason Dickerson_
Jason Dickerson