UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

JASON DICKERSON,                    )
                                    )
        Petitioner,                 )
                                    )        No. 7:20-CV-12-REW-HAI
v.                                  )
                                    )
AMY ROBEY, Warden,                  )                ORDER
                                    )
        Respondent.                 )

\* \* \* \* \* \* \* \* \* \*

On December 28, 2019, Petitioner Jason Dickerson filed a petition under 28 U.S.C. § 2254

for a Writ of Habeas Corpus in the Western District of Kentucky. DE 1. After the matter was

transferred to this Court, Dickerson filed an amended *pro se* application. DE 10. The Court referred

the matter to Magistrate Judge Hanly A. Ingram for initial screening. DE 13. Judge Ingram ordered

Dickerson to show cause on the issues of timeliness and exhaustion (in part). DE 14. Dickerson

responded, indicating that the petition should be accepted as timely because of equitable tolling.

DE 15. He also endeavored to establish exhaustion. *See id.* at 2–3.

Judge Ingram then ordered Warden Amy Robey to respond to the amended application

addressing the timeliness issue and exhaustion of Dickerson's first claim. DE 16. Robey

responded, arguing in part that Dickerson's first claim was not exhausted and that the petition as a

whole was untimely under 28 U.S.C. § 2244; the Warden also addressed tolling. DE 21.

Judge Ingram reviewed the record and recommended that Dickerson's petition be denied

on initial screening. Judge Ingram assumed that equitable tolling would apply, preserving

timeliness, but rejected Dickerson's claims on their merits. DE 25 at 5. In the decision, Judge

Ingram expertly walked through the exhaustion analysis (dispatching Claim 1) and the deferential

1

review of Kentucky's adjudications of Claims 2 and 3 under the doubly deferential prism of a federal review of an exhausted state IAC theory. *See* DE 25 at 5–8, 12–15. The recommendation suggested against a COA and also informed Dickerson of his right to object to the recommendation under 28 U.S.C. § 636(b)(1). *Id.* at 16. The established, 14-day objection deadline has passed, and no party has objected. The docket confirms service by mail to Dickerson.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court has considered the recommended disposition, as well as the entire record and relevant authority, and agrees with Judge Ingram's careful analysis and conclusions. Initially, Judge Ingram found Dickerson's first ground for relief barred by the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). *See* DE 25 at 5–8. Although Dickerson mentioned the prosecutor's closing arguments in appellate briefing, Dickerson did not preserve the closing argument issue as a distinct ineffective assistance of counsel claim for failing to request a mistrial.

Judge Ingram then reviewed Dickerson's remaining grounds for relief and determined that they would fail on the merits. Specifically, Judge Ingram found that Dickerson's remaining two claims for ineffective assistance of counsel hinged on strategic decisions made by trial counsel.

2

DE 25 at 13, 15. Applying the double deference standard, *see Harrington v. Richter*, 131 S. Ct. 770, 788 (2011), Judge Ingram concluded that the Kentucky Court of Appeals did not make an unreasonable application of federal law or an unreasonable determination of the facts. DE 25 at 13, 15. Judge Ingram's conclusions, drawing no objection from Dickerson and being independently correct, warrant full adoption.

Finally, Judge Ingram recommended that no certificate of appealability (COA) should issue. Put simply, Judge Ingram found "Dickerson's claims are insufficiently viable to deserve encouragement to proceed further." DE 25 at 16. The Court agrees. Accordingly, the Court **ADOPTS** DE 25 and further **DENIES** a COA. A Judgment to this effect follows.

This the 18th day of May, 2022.

Signed By:

*Robert E. Wier*

**United States District Judge**